UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-260-DLB

THIRPLUS MOOSE                                                                              PETITIONER

VS.                    **MEMORANDUM OPINION AND ORDER**

SANDRA BUTLER, WARDEN                                                                RESPONDENT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

In 2012, Petitioner Thirplus Moose pled guilty to conspiracy to commit bank robbery, armed bank robbery with forcible restraint, and the use or discharge of a firearm during a crime of violence. *See United States v. Moose*, No. 4:08-cr-262-GAF-2 (W.D. Mo. 2008). At sentencing, Moose received a 420 month prison term. *See id.* In Moose's plea agreement, he waived his right to appeal his conviction or sentence, and this waiver was upheld on direct appeal. *See id.*

Moose then filed multiple petitions for writs of habeas corpus. He argued in these petitions that, among other things, the federal court lacked jurisdiction in his criminal case. The United States District Court for the Central District of Illinois repeatedly denied the petitions as frivolous. *See Moose v. United States*, No. 1:16-cv-01296-JES (C.D. Ill. 2016); *Moose v. United States*, No. 1:16-cv-01347 (C.D. Ill. 2016); *Moose v. United States*, No. 1:16-cv-01403-JBM (C.D. Ill. 2016).

Moose is now confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Moose has filed yet another petition for a writ of habeas corpus. (Doc. # 1). Ultimately, Moose puts forth numerous arguments, including

1

but not limited to claiming that the Indictment in his criminal case was "fatally defective" because he "did not have fair notice that the grand jury was investigating him" and the Government "misappl[ied] statute(s)" and "violated the 'Fair Notice Doctrine, … Fifth Amendment, … and the Administrative Procedures Act.'" *Id.* at 4-5. These are just a few of the many arguments that Moose raises in his petition, all challenging his underlying convictions and sentence.

Moose's § 2241 petition constitutes an impermissible collateral attack on his convictions and sentence. Although a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and through a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Moose cannot use a § 2241 petition as a way of challenging his convictions and sentence.

It is true that, under certain limited circumstances, "a federal prisoner may also challenge the validity of his convictions or sentence under § 2241." *Bess v. Walton*, 468 F. App'x 588, 589 (6th Cir. 2012). However, the Sixth Circuit has explained that this is true only when the prisoner is trying to rely on an intervening change in the law to establish his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or to challenge a sentence enhancement. *See Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). That is not the case here. Instead, Moose is simply trying to re-litigate arguments

that he either made or could have made on direct appeal or in a § 2255 motion. That is not proper in a § 2241 petition.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** as follows:

(1) Petitioner Thirplus Moose's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. #1) is **DENIED**;

(2) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3) A separate judgment will be entered contemporaneously herewith.

This 28th day of March, 2018.

Signed By:
*David L. Bunning* DB
United States District Judge

K:\DATA\ORDERS\ProSe\Moose 17-260-DLB Memorandum.docx